IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIN HLAING,<br><br>　　　　Defendant. | No. 2:22-CV-0357-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss, which argues for dismissal based on Plaintiff concealing funds on his application to proceed in forma pauperis. ECF No. 46. Plaintiff did not file an opposition.

Because Plaintiff provided false information on his application despite having extensive litigation experience and because Plaintiff failed to account for his finances when given the opportunity to do so, the Court recommends that Defendant's motion be granted.

/ / /
/ / /
/ / /
/ / /
/ / /

1

# I.  BACKGROUND

## A.  Procedural History

Plaintiff filed his motion for leave to proceed in forma pauperis (IFP) on February 7, 2022.  ECF No. 2.  On the application, under penalty of perjury, Plaintiff marked that he had not received any money over the preceding twelve months from any source at all.  Id. at 1.  Plaintiff also marked that he did not have any cash, including in checking or savings accounts.  Id.  Upon request, the California Department of Corrections and Rehabilitation submitted Plaintiff's Prisoner Trust Fund Account Statement.[1]  See ECF No. 8.  The Account held $3,793.37 at the time of filing and held $4,244.32 when Plaintiff signed his IFP application.  Id.  The Account also showed that Plaintiff receives income from "JPAY."

This Court initially recommended denying Plaintiff's application to proceed IFP but ultimately granted the application.  See ECF Nos. 10, 15.

## B.  *Hill v. Allison*, No. 2:22-cv-0718-KJM-EFB

Relevant to the present action is Hill v. Allison, No. 2:22-cv-0718-KJM-EFB (PC), a separate action Plaintiff filed shortly after the filing of the instant matter.  In Hill v. Allison, as here, Plaintiff declared on his IFP application that he had no assets.  Hill v. Allison, 2023 WL 2602085, at *1 (E.D. Cal. Mar. 22, 2023).  The court took judicial notice of Plaintiff's trust account statement, which had been filed in a separate case.  Id.  The account showed a balance of $5,154.17, and there were several instances showing Plaintiff receiving income through deposits in his account.  Id.  The court ordered Plaintiff to file a sworn statement explaining (1) the source of the funds for the initial balance in his account, (2) what "JPAY" is and whether he receives regular income from it, and (3) the sources of the deposits in his accounts.  Id.  Plaintiff did not comply with the court order, and so the court dismissed the case.  Id.  The court noted "[Plaintiff] also does not provide an explanation of the inconsistency between his IFP application form where he states he has no assets and his trust account statement."  Id.

///

---

[1]  Although Plaintiff is now a civil detainee, he was a prisoner at the time of filing this action.  See ECF No. 1.  The Prisoner Trust Fund Account Statement was requested pursuant to 28 U.S.C. § 1915(a)(2).

### C. Plaintiff's Litigation Experience

A PACER search on April 5, 2023, showed that Plaintiff had filed 118 lawsuits in federal court.[2] ECF No. 24-2 at 11. Another PACER search on April 6, 2023, showed that Plaintiff had 22 open federal lawsuits. Id. at 37. On February 3, 2021, Plaintiff participated in a settlement conference before Magistrate Judge Allison Claire.[3] In the conference, Plaintiff settled seven of his cases. On April 19, 2021, eight months before signing his IFP application in this case, Plaintiff received $5,220.00 for the settlement. ECF No. 24-2 at 8.

## II. DISCUSSION

A plaintiff may proceed without payment of fees if the plaintiff submits an affidavit attesting that the plaintiff cannot pay the fees and the plaintiff includes a statement of assets. 28 U.S.C. § 1915(a)(1). However, abuse of an application to proceed without payment merits dismissal of the action. See 28 U.S.C. § 1915(e)(2)(A). "[T]he court *shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue." Id. (emphasis added). "The purpose of [the] provision is to 'weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (quoting Matthews v. Gaither, 902, F.2d 877, 881 (11th Cir. 1990)).

Dismissal is only appropriate where there is a showing of bad faith; a mere inaccuracy on the application is insufficient to merit dismissal. Escobedo v. Applebees, 787 F.3d 1226, 1234 n.8. (9th Cir. 2015) (finding that dismissal was not justified when the IFP applicant claimed she paid rent when she actually paid a mortgage in an amount that was not "significantly different"). Where there is no showing of bad faith, the court must determine whether considering the facts as a whole, the inaccuracy forecloses IFP eligibility. Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986). Where, however, there is a showing of bad faith, the case may be

---

[2] The Court takes judicial notice of the PACER searches in Defendant's motion. See Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc).

[3] The Court takes judicial notice of the docket for case Hill v. Lynch, et. al., 2:19-cv-01331-TLN-KJN (E.D. Cal). See United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

dismissed with prejudice even if the inaccuracy does not represent a significant amount. Id. at 437-38. For example, the court in Oliver discussed an instance where bad faith justified the dismissal of an action where the petitioner was a chronic litigant who claimed he had no funds but actually had thirty cents in his account. Id.

Plaintiff represented to this Court, under penalty of perjury, that he had no savings and received no income in the twelve months prior to submitting his application in this case on February 7, 2022. ECF No. 2. Plaintiff's claim was demonstrably false. See ECF No. 8. A Prisoner Trust Fund Account Statement, submitted after the IFP application was filed, showed that at the time of signing the IFP application, Plaintiff had $4,244.32 in undisclosed funds. Id. The statement also showed a variety of deposits. Id.

To determine whether Plaintiff was acting in bad faith, the Court considers the amount of money Plaintiff concealed and the amount of his income, Plaintiff's experience as a litigant, and that Plaintiff was put on notice that he had to account for his savings and income but chose not to do so.

Plaintiff claimed he had no money, but he indeed had $4,244.32. See id. Certainly, over four-thousand dollars in savings is no nominal amount – especially when claiming that one is so destitute that they cannot afford to bring suit and so the public and courts should bear the cost. Plaintiff received income from "JPAY" four times from January 2022 to March 2022. Id. Three of the transactions were for $100 and one was for $40. Id. Plaintiff regularly withdrew funds from his account, and he did so in the same month he signed the IFP application— he clearly was aware of the funds. Id.

With over 100 federal lawsuits filed, Plaintiff is an experienced litigator. See ECF No. 24-2 at 11. Plaintiff consistently files IFP applications in his lawsuits. See e.g., Hill v. Martini, et al., 2:22cv01603 (E.D. Cal.); Hill v. McGeffen, et al., 2:22cv01524 (E.D. Cal.); Hill v. Rios, et al., 2:18cv03089 (E.D. Cal.). Plaintiff is experienced with the IFP system, and has reaped the benefit of it, and so understands that concealing funds (if not caught) could be beneficial to him.

///

Plaintiff also received a settlement payout for some of his other lawsuits. Hill v. Lynch, et al., 2:19-cv-01331-TLN-KJN (E.D. Cal). Plaintiff received a $5,220.00 settlement eight months before swearing he had not received any income in the prior twelve months. See id.

The district court in another of Plaintiff's cases ordered Plaintiff to explain the funds in his trust account statement. Hill v. Allison, 2023 WL 2602085, at *1 (E.D. Cal. Mar. 22, 2023). When Plaintiff ignored the court's order, that case was dismissed. Id. Relevant to this case, Plaintiff was put on notice that he had an obligation to explain his funds in light of his IFP application. See id. Although given an opportunity and indeed ordered to justify his application, Plaintiff did not do so. See id.

Here, Plaintiff had the additional opportunity to explain his funds through filing an opposition to the motion to dismiss; again, he did not do so.

This Court finds that Plaintiff was acting in bad faith when he concealed funds on his IFP application. Plaintiff concealed a significant amount of funds despite being familiar with the IFP system and then chose not to explain why he did so when given the opportunity.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendant's unopposed motion to dismiss, ECF No. 24, be GRANTED.
2. This action be DISMISSED pursuant 28 U.S.C. § 1915(e)(2)(A).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE